THE STATE v. BECKWORTH, *Plaintiff in Error.*

**Indictment for Burglary with intent to Steal.** An indictment under Wag. Stat., sec. 16, p. 455, charged that the defendant had committed burglary with intent to steal, and that he had stolen certain goods, but failed to state their value. The jury found him guilty of both burglary and larceny, but the court sentenced him only for the burglary. On appeal from this judgment, *Held*, that the indictment was sufficient to sustain it; it was not necessary to state the value of the goods stolen.

*Error to Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

Indictment, under Wag. Stat., sec. 16, p. 455.   The charge was that " on, &c., at, &c., Charles Beckworth did feloniously and burglariously break into and enter the mill-house of Isaiah H. Jones, the same being then and there a building in which divers goods, wares and merchandise,

and other valuable things were then and there kept and deposited, with the intent, then and there, feloniously and burglariously to take, steal and carry away some of the goods then and there being in said mill; and 250 pounds of wheat flour, of the personal goods of Isaiah H. Jones, then and there in said mill being found, feloniously and burglariously, did steal, take and carry away, against, &c." Defendant contended that the indictment was insufficient because it failed to state the value of the goods stolen.

*J. F. Hicklin* and *Wm. B. Hamilton* for plaintiff in error.

*J. L. Smith*, Attorney-General, for the State.

NAPTON, J.—This was an indictment against Beckworth for burglary and larceny. The indictment did not state the value of the goods alleged to have been stolen in the perpetration of the burglary. The jury found the defendant guilty of both burglary and larceny, and assessed his punishment for the former at three years in the penitentiary, and for the latter two years. The court, however, only sentenced him to three years imprisonment.

When a larceny is committed in the perpetration of a burglary, as is alleged in this indictment, the amount of the property stolen is unimportant, and under our statute, (Wag. Stat., § 19, p. 455,) the punishment may be increased, if the jury convict of both. The jury may find the defendant guilty of burglary and not of larceny; but under such an indictment, could not find him guilty of larceny and not of burglary, for the plain reason that the larceny charged was in the commission of a burglary. That the defendant, under the present indictment, could not be found guilty of larceny and at the same time be acquitted of burglary, could not surely be a matter of complaint with him. In other words, we are unable to see why he should complain for not being indicted for an

offense of which he was not guilty. Judgment affirmed. The other judges concur.

AFFIRMED.